The court will proceed to the seventh case, the United States v. Carbajal. Mr. Beals? Good morning, your honors. May it please the court, my name is Bart Beals. I am the defense counsel on behalf of Maria Porcayo Carbajal. Your honors, I just want to touch upon a few things. I'm sure you've already read the brief, so I just wanted to touch on a few things about this case. First, just to kind of start at the beginning, my client entered a guilty plea on November 18th of last year. She was sentenced on March 17th of this year. She entered a guilty plea for knowingly and without lawful authority producing a false identification document in violation of Title 18 U.S. United States Code Sections 1028A2 and 2. Prior to entering that guilty plea, the charges against her had been effectively changed because she was originally charged with aiding and abetting. The court will charge with assisting Maria Carbajal in the commission of transporting a minor child, a minor child being under the age of 12, across state lines for the purposes of engaging in a sexual act. In this case, it was the minor child was her young daughter, TP. I will be a front with the court. The facts of this case are quite frankly are rather disturbing. It's a very despicable circumstance. But getting to the actual issue within the sentencing hearing, Ms. Carbajal, who had never been arrested, didn't have any criminal history, had never been convicted of anything here in the United States. She was, when the charges against her were changed to providing or helping, procuring a false identification document, her sentencing range was greatly reduced from the sentencing range she would have been looking at had she continued to face the charges of assisting. And her sentencing, her statutory maximum minimums also changed. Well, specifically, the statutory maximum was a statutory maximum of five years. At the sentencing hearing, information was presented on behalf of defense for Ms. Carbajal's behalf for mitigating factors to show that under those circumstances, she was not an equal partner with Mario Carbajal, which is pretty clear by the information presented at the sentencing for Maria Carbajal that Mario Carbajal was the main actor in this very disturbing case. And quite frankly, Maria Carbajal was, from the perspective of the defense, an unwitting ally, but an unwilling ally. That she was intimidated, she was afraid of Mario Carbajal. Well, it's pretty hard to play down her participation in this. Well, while it is true, it's difficult to, well, first and foremost, it's not an issue of playing down her participation. She participated as far as she didn't… As mitigation, I should say. Right. Well, what was presented was the mitigation. Why didn't she get help? Why didn't she prevent? Why didn't she protect her young daughter, T.P.? And what was presented was information that, quite honestly, was even collaborated by T.P. when at the sentencing hearing, T.P. said that her mom was afraid of Mario Carbajal. But also, there were some characteristics presented on behalf of Maria Carbajal. She's an undocumented immigrant. Because of that, she has an issue with the language barrier. And also, being undocumented, she's culturally didn't grow up in the United States. So she didn't grow up here being used to certain freedoms and opportunities that we take for granted as American citizens. She grew up in a different environment. And in addition to that, she was also, because she was undocumented, fear of actually making that phone call. For individuals here who grew up in the United States, there is and there are some cultural issues even here in the United States. As an African American, there's always some concerns with interacting with police. But as an undocumented immigrant, any authority, there's some concerns in contacting the authorities and potential repercussions like deportation and being charged with illegal entry. So that's also mitigated. But you weigh that against bad things happening to your own child. I understand your position. I wouldn't quite put Maria Carbajal in the same place as we've heard in news about Kim Kardashian being robbed in her own home and saying, OK, well, she's in her own home and she's being robbed. And say if her children were with her, she'd say, hey, look, there's no way I can protect my children because I was being robbed at gunpoint. No, it didn't rise to that level. However, there is also not on the other spectrum as a willing or uncaring or unfeeling parent, this was an individual who was deeply afraid of Maria Carbajal and was very intimidated. And just to touch on a couple quick points, the issue in this case here in arguing that there was procedural error, the court didn't give an explanation to why it rejected the assertion of the defense of the mitigating factors. If it was an issue of credibility of the court to say, well, look, you know what? I understand these are these assertions by your client that there is a mitigating factors. I just don't believe her. Then that's one thing. But that was not explained. It was more so along the lines of you didn't protect your child, which is true. She didn't. And she's definitely culpable in that regard. But the issue is why didn't she protect her child as she should have protected her? And that goes to the mitigation. And it also goes to the reasonableness argument as well that it was an unreasonable sentence. One, because it's not a guideline sentence, it doesn't enjoy the presumption of reasonableness. And two, because in light of Maria Carbajal, she's different from a lot of other cases where you've heard of these despicable acts regarding the abuse of young children for sexual purposes. She wasn't this ready, willing, and able participant or, well, participant in this case or individual trying to help out. She was someone who was doing this or turning a blind eye or not protecting her child as she should have for many different reasons, the least of which being afraid of Maria Carbajal as well as being afraid of authority. If there aren't any other questions, I would like to reserve and remain one of my time for rebuttal. Okay. Very good, Mr. Beals. Thank you. Ms. Costanda? May it please the Court, Andriana Costanda on behalf of the United States. The district court did not err procedurally or substantively in sentencing the defendant in this case. The entire premise of the defendant's argument is that the district court ignored the circumstances allegedly in mitigation, including that the defendant also was a victim of her long-term boyfriend who abused the minor in this case. The district court did not ignore that argument. It addressed that argument head-on. It just did not agree with it. The relevant discussion is at the sentencing transcript at pages 44 and 45. The district court says, I recognize that she claims that she also was subject to emotional and physical abuse. That does not explain the seven long years in which her daughter, starting at the age of seven, was abused by the long-term boyfriend and the active facilitation and steps that the defendant took to assist the defendant or her boyfriend in that abuse. Defense counsel attempts to portray the defendant as, you know, just turning a blind eye and not being a willing or active participant in this abuse, and that is not what the district court found at sentencing. She took a number of steps over seven years, including fleeing with her family overnight when her boyfriend was about to be arrested for sexual abuse in Virginia, taking the kids out of school for many long years so that school officials would not be suspicious of the fact that her daughter was coming to school sexually abused, not allowing her daughter to go back to school when she was impregnated by the boyfriend at the age of 11, giving her a fake ID so that medical officials would not realize her young age when she was an 11-year-old pregnant girl in Texas. All of these were active steps that the district court took into account. It found that the circumstances in mitigation that were alleged by the defense were insufficient to overcome all of those aggravating circumstances. The government has never alleged that the defendant is in the same position as Mario Carvajal, who's the boyfriend. He was also charged in this case. He faces a life sentence. The five-year sentence that the defendant received in this case is far shorter than the sentence he will receive, and it makes this sentence very reasonable and the district court's treatment of the defense's arguments procedurally sound. If the court has no questions, the government… Ms. Kucinich, what was the government's position at sentencing? I'm sorry? What was the government's position at sentencing in this case? We requested the statutory maximum of five years. Five years? Yes. If the court has no questions, the government asks that the court affirm the defendant's sentence. Thank you. Mr. Beals? I'd just like to address a few points. First and foremost, the government is correct. In regards to the sentence of five years, it is very reasonable compared to the sentence that Mario Carvajal is facing as far as life, but it's not reasonable in comparison to in light of the mitigation factors that was presented by Maria Carvajal. That's the big difference. Now, with the court making the statement that the claim to mitigation, there again, if the court was making the termination of credibility termination as opposed to some kind of cryptic statement saying, hey, well, I don't believe you. I don't believe that Maria Carvajal… I don't believe you. I don't believe that you were this unwilling or this abused spouse or a domestic partner, this intimidated human being. I don't believe you. I believe that you did it for the reasons you gave in mitigation. I don't believe those reasons. What I really believe is that this is why you did it. Then that's one thing. If that was a credibility issue, the termination, the district court was in the best position to make that determination. The district court didn't present that. The district court presented an actual, made a sort of a moral determination saying, hey, look, these were irreprehensible acts. You didn't protect a child, which is true, but that in its very nature ignores or at least doesn't give full attention to the actual question. The next question is why didn't you do it? You feel the judge should have made an additional inquiry, Mr. Beals? Well, I feel that, one, the judge should have given a better explanation as to, again, the credibility issue. Was it a credibility issue? Or if it wasn't a credibility issue, then why wasn't it a credibility issue? Because many of the things the government mentioned about doesn't explain the seven years, long years, fleeing overnight when Maria Carbajal was looking at potentially being arrested, keeping TP out of school, getting the fake ID. There was a very, very real issue, as I had mentioned before. Maria Carbajal is an undocumented immigrant. There are a lot of issues that undocumented immigrants have to deal with every day that are not within the purview of a lot of us here who were born here in the United States. And it's easy to ignore those very real concerns and those very real fears. And those fears will lead to maybe if it's right or if it's wrong. That's something I guess the district court could have addressed as well. But those fears can lead to, and in this case, we believe did lead to mitigation as to why Mrs. Carbajal didn't act to protect her daughter, TP, better based on her fear of authority and her fear of Mario Carbajal. All right. Well, thank you, Mr. Beals. Thank you. Thank you, Mr. Kostanek. All right. Mr. Beals, you have the additional thanks of the court for accepting this appointment and ably representing the defendant.